|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |
| Robbie Wolff, | 2:16-cv-2466-JAD-VCF |
| Plaintiff | |
| v. | **Order Dismissing Case for Want of Personal Jurisdiction** |
| Excelsior College, | |
| Defendant | [ECF Nos. 12, 20] |

New York-based Excelsior College claims that it owns the federally registered trademark CPNE®, which is shorthand for the college's Clinical Performance in Nursing Examination.[1] Robbie Wolff is in the test-prep business in Nevada, and he regularly uses the term CPNE to describe the coaching services he provides to prepare test takers for the CPNE. When Excelsior sent Wolff a cease-and-desist letter directing him to stop using the term CPNE in connection with his business, Wolff—who contends he is making fair use of the mark—filed this action seeking a declaration that he "has not infringed defendant's rights."[2]

Excelsior moves to dismiss this case for want of personal jurisdiction or to transfer it to the Northern District of New York where Excelsior filed its own infringement action against Wolff.[3] Wolff concedes that general jurisdiction does not exist but argues that Excelsior must be held to answer this suit in Nevada based on specific jurisdiction, and he countermoves to amend his complaint to assert more specific-jurisdiction facts.[4] Because I do not find that this case arises out of Excelsior's forum-related activities—a defect that cannot be cured with supplemental facts—I grant the motion to dismiss for want of personal jurisdiction without leave to amend.

---

[1] ECF No. 1 ¶ 10.

[2] *Id.* ¶ 14.

[3] ECF No. 12.

[4] ECF No. 20.

**Discussion**

The due-process clause of the Fourteenth Amendment limits a court's power to bind a nonresident defendant to a judgment in the state in which it sits.[5] As the United States Supreme Court explained in the pathmaking *International Shoe* opinion, "[a]lthough a non-resident's physical presence within the territorial jurisdiction of the court is not required" for the exercise of personal jurisdiction, "the nonresident generally must have 'certain minimum contacts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"[6]

"There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction."[7] Because Wolff concedes that Excelsior is not subject to general jurisdiction in Nevada,[8] I jump straight to the specific-jurisdiction analysis. And because I find that an evidentiary hearing would not change the outcome of this motion, my inquiry focuses on whether Wolff has made a prima facie showing that the court has jurisdiction over Excelsior.[9]

**A.   Testing for specific jurisdiction**

Specific jurisdiction depends on an "activity or an occurrence that takes place in [or is purposely directed at] the forum State and is therefore subject to the State's regulation."[10] "In

---

[5] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). Because Nevada's long-arm statute, Nev. Rev. Stat. § 14.065, reaches the limits of due process established by the United States Constitution, *Viega GmbH v. Eighth Jud. Dist. Ct.*, 328 P.3d 1152, 1156 (Nev. 2014), I apply the federal jurisdictional analysis. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) ("When no federal statute governs personal jurisdiction, the district court applies the law of the forum state.").

[6] *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations and elipses omitted).

[7] *Boschetto,* 539 F.3d at 1016.

[8] ECF No. 18 at l:17–19.

[9] *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). I find this motion suitable for disposition without oral argument. LR 78-1.

[10] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'"[11] In the Ninth Circuit, we apply the three-prong test from *Schwarzenegger v. Fred Martin Motor Company* for analyzing a claim of specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.[12]

"The plaintiff bears the burden of satisfying the first two prongs of the test. If [he] fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state."[13]

**B.  Wolff's claims do not arise out of Excelsior's forum-related activity.**

Wolff meets Excelsior's jurisdictional challenge with two main points. He argues that Excelsior's two cease-and-desist letters, plus its solicitation and acceptance of Nevada residents for its distance learning programs, combine to demonstrate sufficient forum-related activity.[14] He further contends that the nature of his suit—which involves not "classic" trademark infringement but "nominative fair use" of Excelsior's trademark—bolsters his claim that this action "arises out of" defendant's forum-related activities because his business exists only because Excelsior offers the Clinical Performance in Nursing Examination.[15]

---

[11] *Id.* (internal citations and quotations omitted).

[12] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

[13] *Id.* (internal citations omitted).

[14] Wolff notes that Nevadans have taken Excelsior's test but concedes that the test is not administered in Nevada. *See* ECF No. 18 at 7.

[15] ECF No. 18 at 6.

Even if I find that Excelsior's act of sending cease-and-desist letters[16] to Wolff and its regular solicitation and acceptance of students in Nevada for its distance-learning programs[17] are purposeful direction of activity that satisfies the first prong of the *Schwarzenegger* test, the analysis falters at the second, arising-out-of step. Neither the letters nor Excelsior's solicitation of Nevada students[18] gave rise to this action. Although the letters may have been the catalyst for Wolff to file this declaratory relief action, the letters are not the controversy. The controversy is whether Wolff is making unlawful use of Excelsior's registered trademark.[19]

Another judge in this district addressed this very issue in *Elima Biotronics, LLC v. Fuente Cigar, Ltd.*, dismissing a similar declaratory-relief action by the recipient of a trademark-infringement letter.[20] The court acknowledged that the cease-and-desist letter "may have motivated" the plaintiffs to file the suit, but it found that the action did not arise out of the cease-and-desist letter "sent by Defendant to Plaintiffs because the 'subject matter of the actual controversy' in this case is whether Plaintiff 'has intellectual property rights that have been infringed' by Defendant, and not what was said about those rights in the letters."[21] The court explained that "[t]he test is one of but-for causation of the facts underlying the complaint by the Defendant's contacts with the forum, not

---

[16] There were two letters: Excelsior's letter to Wolff, and Excelsior's attorney's letter sent to Wolff's attorney Philip Kantor, Esq. responding to a letter from Kantor. *See* ECF Nos. 1-1, 1-3.

[17] ECF No. 1 ¶ 6; ECF No. 13 ¶ 7; ECF No. 18 at 3.

[18] For purposes of this motion, and because I am not conducting an evidentiary hearing, I take as true all of Wolff's representations about Excelsior's business operations and forum-related conduct, and I resolve any evidentiary conflict in the plaintiff's favor. *See Boschetto*, 539 F.3d at 1015 (quoting *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 127–28 (9th Cir. 1995).

[19] *See* ECF No. 1-1 (cease-and-desist letter). *See also Ontel Products Corp. v. Mindscope Products*, 220 F. Supp. 3d 555, 562 (D. N.J. 2016) (dismissing non-infringement declaratory-relief action for lack of jurisdiction and reasoning, "that the relevant specific personal jurisdiction inquiry in an action for declaratory judgment of non-infringement, invalidity, or unenforceability is the defendant's enforcement activities that are purposefully directed at residents of the forum, and the extent to which the declaratory judgment claim arises out of or relates to those activities").

[20] *Elima Biotronics, LLC v. Fuente Cigar, Ltd.*, 291 F. Supp. 2d 1182 (D. Nev. 2003).

[21] *Elima Biotronics*, 291 F. Supp. 2d at 1185–86.

one of reasonable relationship between the actionable facts and the Defendant's contacts."[22]

This conclusion—reached by the *Elima Biotronics* court in 2000—is bolstered by the Supreme Court's 2014 clarification in *Walden v. Fiore* that the focus of the jurisdictional analysis is "the relationship among the defendant, the forum, and the litigation,"[23] and it "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."[24] "Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties."[25] To find jurisdiction here would protect only the convenience of Wolff, as it is his presence in and contacts with Nevada that link this case to this forum. The point of this suit, as Wolff alleges in his prayer for relief, is to declare and determine that he has not "infringed" Excelsior's rights and that he "has no liability to defendant by reason of laches."[26] What was said about that infringement in the letters from Excelsior and its attorney only describes that controversy.

I am unpersuaded by Wolff's argument that his alleged "nominative fair use" distinguishes this case from "classic" trademark infringement for jurisdictional purposes.[27] If anything, the fact that the plaintiff acknowledges that he is using the defendant's trademark in Nevada only further demonstrates that "plaintiff's contacts with the defendant and forum" are "driv[ing his] jurisdictional analysis," as *Walden* prohibits.[28] This case is not "about *defendant's* trademark that defendant uses

---

[22] *Id.* at 1186.

[23] *Walden v. Fiore*, 134 S. Ct. 1115, 1126 (2014) (quoting *Calder v. Jones*, 465 U.S. 783, 788 (1984)).

[24] *Walden*, 134 S. Ct. at 1122.

[25] *Id*.

[26] ECF No. 1 at 4 (original emphasis deleted).

[27] ECF No. 18 at 5–6.

[28] *See Walden*, 134 S. Ct. at 1125.

in Nevada," as Wolff suggests.[29] It is about his use of the defendant's trademark and whether that use is lawful. *Walden* prohibits Wolff from "attribut[ing]" his "forum connections to the defendant" and "mak[ing] those connections 'decisive' in th[is] jurisdictional analysis."[30]

In sum, Wolff has not made the prima facie showing of the first two prongs of the *Schwarzenegger* test for jurisdiction that he needed to make in order to avoid dismissal. So "the jurisdictional inquiry ends and the case must be dismissed."[31] And because I am dismissing this case for want of personal jurisdiction, I do not reach the other arguments in this motion, and I deny all other motions as moot and without prejudice to their reurging in the appropriate forum.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the Motion to Dismiss For Lack of Personal Jurisdiction **[ECF No. 12] is GRANTED**. **All other pending motions are DENIED** as moot and without prejudice. The Clerk of Court is directed to **CLOSE THIS CASE**.

Dated: August 28, 2017

_____
Jennifer A. Dorsey
United States District Judge

---

[29] ECF No. 18 at 6.

[30] *Walden*, 134 S. Ct. at 1125.

[31] *Boschetto*, 539 F.3d at 1016.